Xavier A. Palacios, Esq.
Palacios Law Group
15 Roslyn Road
Mineola, NY 11501
Xavier@palacioslawgroup.com
Attorney for Petitioner

---

NOE ANTONIO MORAN CONTRERAS

                *Petitioner,*

V.

MARKWAYNE MULLIN *Secretary of the Department of Homeland Security*, TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*, in their official capacity, JUDITH ALMODOVAR, *Field Office Director of the New York Field Office of U.S. Immigration and Customs Enforcement*, in their official capacity, in their official capacity, RONALD HARTUNG, *Warden of the Metropolitan Detention Center,* in their official capacity

                *Respondents.*

---

**Case File No: 1:26-cv-1960**

**PETITION FOR WRIT OF HABEAS CORPUS**

---

## INTRODUCTION

1. Petitioner Noe Moran Contreras ("Petitioner"), (A204-217-751), by and through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his unlawful detention by the United States Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE").

2. Petitioner is currently detained at the Nassau County Correctional Center, within the Eastern District of New York. On information and belief, Respondents are detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for

1

admission." However, Petitioner is not an "applicant for admission" within the meaning of that statute. On information and belief, Petitioner has been or will soon be placed in full removal proceedings under INA § 240. As such, his detention is properly governed by 8 U.S.C. § 1226(a).

3. Until recently, noncitizens in Petitioner's position have been able to seek bond before the Executive Office for Immigration Review ("EOIR"), as their detention is clearly discretionary under 8 U.S.C. § 1226. DHS has recently altered its interpretation of the government's detention authority during the pendency of removal proceedings to require mandatory detention of all noncitizens charged with entering the United States without inspection, subjecting millions of noncitizens such as Petitioner to mandatory prolonged detention without opportunity for release on bond, allegedly under 8 U.S.C. § 1225, no matter how long they have resided in the country.

4. The plain language of § 1225 does not apply to Petitioner, and the denial of a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment. An overwhelming majority of federal courts to consider the question have held that 8 U.S.C. § 1225(b)(2) does not authorize mandatory detention of noncitizens like Petitioner who entered the United States without inspection and have been residing in the country for an extended period, as opposed to "arriving aliens" presenting themselves at a port of entry. *See Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025); *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025); *Sarmiento Guerrero v. Noem*, No. 25-cv-05881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *F.H.H. v. Genalo*, No.

2

26-CV-00525 (HG) (E.D.N.Y. 2026); *J.G.I. v. Genalo*, No. 26-CV-581 (AMD) (E.D.N.Y. Feb. 2026); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025); *Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025); *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025); *Sandoval Abzun v. Genalo*, 2026 WL 100028 (S.D.N.Y. Jan. 14, 2026).

5. Moreover, Respondents detained Petitioner without conducting any individualized assessment as to whether he poses a flight risk or danger to the community, without prior notice, and without an opportunity to be heard before a neutral decision maker. Federal courts in this District and throughout this Circuit have repeatedly held that such detention, effected without any process whatsoever, violates the Due Process Clause of the Fifth Amendment. *See Rivera Esperanza*, 2025 WL 3513983, at *7–8; *Sandoval Abzun*, 2026 WL 100028, at *1; *Lopez Benitez*, 795 F. Supp. 3d at 498–99.

6. Petitioner asks this Court to find that Respondents' detention of Petitioner is unlawful, to order his immediate release, or, in the alternative, to issue an order directing Respondents to provide him with a prompt, constitutionally adequate, and individualized custody determination before a neutral decision maker with authority to order his release.

## JURISDICTION AND VENUE

7. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*

8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

9. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

10. A petition for a writ of habeas corpus under 28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). Federal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

11. Although certain provisions of the INA limit judicial review of discretionary custody determinations, *see* 8 U.S.C. § 1226(e), those provisions do not preclude habeas review of constitutional claims, questions of law, or challenges to the legal basis for detention itself. Petitioner does not ask this Court to review or second guess any discretionary bond decision. Rather, he challenges Respondents' authority to detain Petitioner without any individualized custody determination and the constitutionality of detention without meaningful review. Such claims fall within the scope of habeas review. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018).

12. Venue is proper in this District because Petitioner is currently in Respondents' custody within the Eastern District of New York at the Nassau County Correctional Center. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Venue is further proper because a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District. 28 U.S.C. § 1391(e).

4

## REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

13. The Court must grant the petition for writ of habeas corpus or issue an order to show cause to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

14. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## PARTIES

15. Petitioner is a native and citizen of El Salvador. He first entered the United States in 2006 when he was 14 years old.

16. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is sued in his official capacity. Secretary Mullin has authority over immigration enforcement, including the policies and practices that have resulted in Petitioner's continued detention.

17. Respondent Todd Lyons is the Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

18. Respondent Judith Almodovar is the Field Office Director of the New York Field Office of U.S. Immigration and Customs Enforcement. She is sued in her official capacity.

5

19. Ronald Hartung is the Warden of the Nassau County Correctional Center and is the individual currently exercising custodial control over Petitioner. He is sued in his official capacity.

## STATEMENT OF FACTS

20. Petitioner is a native and citizen of El Salvador. He entered the United States without inspection as a minor in approximately 2006. Petitioner graduated high school here in the United States, has been gainfully employed, and is a beloved and well respected member of his community. He is the proud father of a 21 month old U.S. citizen child.

21. On July 27, 2025, Petitioner was arrested in Farmingdale, New York. He was charged with violating N.Y. VTL § 1192(2) and N.Y. VTL § 1192(3). The charges are currently pending.

22. Petitioner has been detained at the Nassau County Correctional Center since March 6, 2026, in pretrial criminal custody. Bail was set in the amount of ten dollars.

23. On April 2, 2026, Petitioner's family posted bail, and he was processed for release from custody at the Nassau County Correctional Center.

24. Upon Petitioner's release from pretrial custody, Respondents detained Petitioner and took him into administrative custody. On information and belief, Respondents are detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) on the theory that he is an "applicant for admission" subject to mandatory detention. However, he is not an "arriving alien" and is not "seeking admission" at a port of entry.

25. Respondents have not conducted any individualized assessment as to whether Petitioner poses a flight risk or danger to the community to justify his detention. Petitioner has been denied any meaningful opportunity to contest the basis for his detention before a neutral

decision maker. At time of filing, there is no available information about who made the decision to detain Petitioner, when that decision was made, on what basis the decision was reached, or whether there was any individualized consideration of the circumstances of his case. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025).

## LEGAL FRAMEWORK

26. The INA generally provides for three forms of civil detention for noncitizens in removal proceedings. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens arrested "on a warrant" pending the resolution of standard removal proceedings before an Immigration Judge. *See* 8 U.S.C. § 1229(a). Unless they have been arrested, charged with, or convicted of certain enumerated crimes, which would subject them to mandatory detention until their removal proceedings are concluded, *see* 8 U.S.C. § 1226(c), an individual detained under § 1226(a) can be released by ICE on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1); 8 C.F.R. § 236.1(c)(8). If release is denied by ICE, the detainee can seek a custody redetermination before an Immigration Judge at the outset of their detention. *See* 8 C.F.R. §§ 1003.19(a), 1236.1(d). At the hearing, the noncitizen may present evidence to show they are not a flight risk or danger to the community and should therefore be released on bond.

27. Second, the INA imposes mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and of an "applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" under § 1225(b)(2). Individuals detained under § 1225(b) receive no bond hearing, *see* 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV), (b)(2)(A), and can only be released under

7

humanitarian parole at the arresting agency's discretion. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018); 8 U.S.C. § 1182(d)(5).

28. Lastly, and not relevant here, the INA provides for detention of noncitizens who have been issued a final order of removal. *See* 8 U.S.C. § 1231(a).

29. This case concerns the mandatory versus discretionary detention provisions under § 1225(b)(2) and § 1226(a). For nearly thirty years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those noncitizens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." *Jennings*, 583 U.S. at 289. Although the *Jennings* Court characterized § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identified § 1226(a) as the "default rule" for the arrest, detention, and release of noncitizens who are already present in the United States. *Id.* at 303.

30. Courts have given great weight to the manner in which DHS treated the petitioner in determining which detention statute applies. *See Lopez Benitez*, 795 F. Supp. 3d at 487 (holding that § 1225 did not apply because DHS had consistently treated the petitioner as subject to discretionary detention under § 1226(a) and because the "plain text, overall structure, and uniform case law interpreting" the statutory provision compelled that conclusion).

8

31. Respondents' longstanding practice has been to apply § 1226(a) to noncitizens like Petitioner, who are charged as removable under INA § 212(a)(6)(A)(i).

32. The statutory structure confirms this reading. If the government's reading of § 1225 were correct, "it would have made no sense for Congress to enact a special provision implementing mandatory detention for certain noncitizens meeting specific criminal criteria" under § 1226(c), because "mandatory detention would have already applied to each such noncitizen regardless of their criminal history." *Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014, at *4 (S.D.N.Y. Nov. 4, 2025); *see also Ye v. Maldonado*, 2025 WL 3521298, at *4 (E.D.N.Y. Dec. 8, 2025) (adopting the same reasoning and holding that the government's interpretation of § 1225 is "entirely inconsistent" with the broader statutory scheme); *Sarmiento Guerrero v. Noem*, 2025 WL 3214787, at *3 (E.D.N.Y. Nov. 18, 2025) (same).

33. Furthermore, "a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226," so if a petitioner was "detained pursuant to one provision, [he] cannot be subject to the other." *Lopez Benitez*, 795 F. Supp. 3d at 485. *See also Chipantiza-Sisalema v. Francis*, No. 25-CV-5528, 2025 WL 1927931 (S.D.N.Y. July 13, 2025).

34. Petitioner's pending charge under N.Y. VTL § 1192, which has not resulted in a conviction, does not constitute a predicate offense for mandatory detention under § 1226(c). Accordingly, Petitioner's detention is properly governed by 8 U.S.C. § 1226(a), and he is entitled to an individualized custody determination and a bond hearing before an Immigration Judge. Under 8 C.F.R. § 1236.1(d)(1), Immigration Judges have the general authority to grant bond to

noncitizens in removal proceedings under INA § 240. Respondents' detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) exceeds their statutory authority and violates the INA.

35. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

36. Federal courts in this District and elsewhere have repeatedly held that the government's detention of noncitizens "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates [their] due process rights." *Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025); *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Artiga v. Genalo*, No. 25-cv-05208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *see also Rivera Esperanza v. Francis*, 2025 WL 3513983, at *7–8 (S.D.N.Y. Dec. 8, 2025); *Valdez v. Joyce*, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025).

37. Although § 1226(a) and its implementing regulations grant DHS broad discretion to arrest and detain noncitizens, that discretion is still constrained by procedural due process. *See Rivera Esperanza*, 2025 WL 3513983, at *7 (citing *Lopez Benitez*, 2025 WL 2371588, at *10;

*Tumba Huamani*, 2025 WL 3079014, at *7). "Due Process still requires that such discretion actually be exercised—i.e., that some determination actually be made." *Tumba Huamani*, 2025 WL 3079014, at *7. There is no indication that Petitioner was provided any process prior to his detention by Respondents.

38. Even if Section 1225 applied to Petitioner's detention, which it does not, Petitioner would still be entitled to due process before the government detained him. *See J.G.I. v. Genalo*, No. 26-CV-581 (AMD) (E.D.N.Y. Feb. 2026) ("Under either section of the INA, the government has unlawfully detained the petitioner . . . because it denied him due process."). The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

39. Under the *Mathews v. Eldridge* balancing test, 424 U.S. 319 (1976), all three factors weigh in Petitioner's favor. The first factor, the private interest affected, weighs heavily in Petitioner's favor, as "the private interest affected by the official action is the most significant liberty interest there is—the interest in being free from imprisonment." *Black v. Decker*, 103 F.4th 133, 151 (2d Cir. 2024) (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). The second factor, the risk of erroneous deprivation through the procedures used, also weighs in Petitioner's favor, as he has been erroneously subjected to mandatory detention under § 1225 without any individualized assessment. The risk of erroneous deprivation through continued detention without any opportunity for an individualized assessment is significant. *See Black*, 103 F.4th at 152 (noting that the risk of erroneous deprivation "is correspondingly

11

greater" when paired with the minimal procedural safeguards of mandatory detention). The third factor, the government's interest, is weak. Petitioner's mandatory detention is not authorized by § 1225, serves no legitimate purpose, and amounts to punitive detention warranting habeas relief.

40. To the extent Respondents argue that Petitioner must exhaust administrative remedies before seeking habeas relief, such exhaustion is excused. Judicial exhaustion may be excused when "available remedies provide no genuine opportunity for adequate relief" or exhaustion "would be futile." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). Both exceptions apply here. Respondents have classified Petitioner as subject to mandatory detention under § 1225(b)(2)(A), and Immigration Judges have consistently denied bond hearing requests for noncitizens so classified on jurisdictional grounds. *See Rivera Esperanza*, 2025 WL 3513983, at *9 (finding exhaustion excused because "administrative appeal would be futile" and petitioner "ha[d] raised a substantial constitutional question").

## CLAIMS FOR RELIEF

### FIRST CLAIM
*Violation of the Immigration and Nationality Act*

41. Petitioner repeats and realleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

42. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to those who previously entered the country and have been residing in

12

the United States prior to being detained by Respondents. Such noncitizens are detained under § 1226(a), unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

43. Respondents' detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) exceeds their statutory authority and violates the INA. Petitioner's detention is properly governed by 8 U.S.C. § 1226(a), and he is entitled to an individualized custody determination and a bond hearing before an Immigration Judge.

## SECOND CLAIM
### *Violation of the Due Process Clause of the Fifth Amendment (Procedural Due Process)*
### 5 U.S.C. §§ 702, 706

44. Petitioner repeats and realleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

45. The Due Process Clause of the Fifth Amendment protects all "person[s]" from deprivation of liberty "without due process of law." The Due Process Clause entitles Petitioner to a meaningful process assessing whether his continued detention is justified. Respondents detained Petitioner upon his release from criminal custody without prior notice, without any individualized assessment, and without a prospective opportunity to contest his detention in front of a neutral decision maker. Respondents' detention of Petitioner without any pre-deprivation process provides insufficient process and violates the Due Process Clause of the Fifth Amendment of the Constitution.

## THIRD CLAIM
### *Violation of the Due Process Clause of the Fifth Amendment (Substantive Due Process)*
### 5 U.S.C. §§ 702, 706

46. Petitioner repeats and realleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

13

47. Petitioner is not a flight risk nor is he a danger to the community. Respondents' detention of Petitioner is therefore unjustified and unlawful. Accordingly, Petitioner is being detained in violation of his constitutional right to due process under the Fifth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause directing Respondents to show cause why a writ of habeas corpus should not be granted within three days;

(3) Issue a Temporary Restraining Order enjoining Respondents from transferring Petitioner outside of this District;

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(5) Grant the writ of habeas corpus and order Petitioner's immediate release from custody, or, in the alternative, order that Petitioner receive an individualized bond hearing before an Immigration Judge within fourteen days, at which the government must bear the burden of showing, by clear and convincing evidence, that Petitioner presents a flight risk or threat to the community that cannot be mitigated by reasonable conditions of supervision or monetary bond;

(6) Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Xavier A. Palacios, Esq.
PALACIOS LAW GROUP
15 Roslyn Road
Mineola, NY  11501
Attorney for Petitioner

Dated: April 2, 2026

15

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Noe Moran Contreras and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

16